UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA R. LEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 1:19-cv-00248-CLM-HNJ |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

Petitioner Lisa Lee raises four grounds for relief in her § 2241 habeas petition, and she admits that she raised each of those grounds in previous federal actions in Georgia (doc. 13 at 7-9). This court agrees with the magistrate's recommendation that the court lacks jurisdiction to give Lee a second bite at the apple.

## BACKGROUND

Lee challenges her convictions in the Northern District of Georgia for (1) conspiracy to commit bank, mail, and wire fraud, (2) aiding and abetting bank fraud, and (3) aggravated identity theft—and her corresponding 121-month sentence. The court adopts the magistrate's report and recommendation (doc. 14), which contains a detailed background of Lee's convictions, her sentence, and her §2255 motion to vacate her sentence (doc. 27), that this court need not duplicate here.

Relevant here, Lee filed the present petition pursuant to 22 U.S.C. § 2241 (doc. 13). In it, Lee raises four grounds for relief:

1. The district court lacked jurisdiction to accept her guilty plea because "the conduct alleged is not proscribed by the charging statute;"

2. The government violated an alleged proffer agreement;

3. The district court exceeded its statutory authority when ordering restitution; and

4. The district court failed to grant Lee an evidentiary hearing.

(doc. 13 at 7-8). In her petition, Lee claims that she alleged each of the four grounds in previous proceedings/appeals (*id.*), all of which began in the Northern District of Georgia, where Lee was convicted and sentenced.

## ANALYSIS

Lee attempts to use §2241 to have this Alabama-based district court grant her the relief that she has failed to get by using §2255 in the Georgia district court that sentenced her. This court is powerless to play along.

### I. This Court lacks jurisdiction.

Section 2255 requires prisoners to challenge their convictions and sentences in the district where the prisoner was convicted and sentenced. Section 2255(e) says that §2241 habeas petitions—which are instead filed in the district where the prisoner is incarcerated—"shall not be entertained" unless §2255 petitions are "inadequate or ineffective to test the legality" of a sentence. Accordingly, this court

lacks jurisdiction to review Lee's §2241 petition if she could have filed a §2255 petition to attack her sentence. *See Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013); *McCarthan v. Dir. Of Goodwill Indus.-Suncoast*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*). And, to be clear, all that matters is whether Lee could *make* her arguments in a §2255 motion to the Northern District of Georgia; it doesn't matter whether Lee could *succeed* before that court. *See McCarthan*, 851 F.3d at 1089-90.

Lee acknowledges in her petition that she has previously raised the same grounds in prior proceedings in the Georgia-based court (doc. 13 at 7-8). To raise the same grounds in this Alabama-based court under §2241, Lee argues that filing another § 2255 petition in Georgia would be "inadequate or ineffective" because the government and district court in Georgia failed to address every point she made, despite a circuit mandate to do so (doc. 13 at 5). But that argument cuts against Lee; she implicity acknowledges that the Northern District of Georgia is "available" to her; she just doesn't want to litigate there due to (in her opinion) a bad litigation history. The plain language of §2255(e), however, forbids this court to substitute itself for the court of conviction and sentence, just because a prisoner feels that this court may provide a more friendly venue.

Accordingly, this court agrees with the magistrate's recommendation that the court lacks jurisdiction to decide the issues raised in Lee's petition.

## II. Lee's objections to the magistrate's report do not restore this court's jurisdiction.

In various sections of her objections to the magistrate's report and recommendation (doc. 29), Lee raises a myriad of claims, arguments, and disputes—some of which are the same grounds she raised in her §2241 petition, rather than true objections to the magistrate's recommendation. As best it can, the court lists and discusses each argument individually. But the point remains: Lee has made no argument that establishes that filing a §2255 petition in Georgia would be inadequate or ineffective, as those terms are used in §2255(e)'s saving clause.

1. <u>Failure to abide by proffer / ineffective assistance</u>: Whether or not the government promised not to indict Lee, whether or not the government threatened to indict Lee's daughter, whether or not her attorney provided ineffective assistance of counsel, and whether or not her bond was honored (doc. 29 at 1-2) are all claims that could have been, and substantially were, raised in the Northern District of Georgia, on appeal therefrom, and/or in a § 2255 petition in that court. The fact that the Northern District of Georgia ruled against Lee on those claims, does not bring this petition within the saving clause of §2255(e). These objections are overruled.

2. <u>Actual innocence</u>: Lee claims that she is actually innocent (doc. 29 at 5), but this court cannot consider an actual innocence claim in a § 2241 petition. *See McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017); *see also Zater v. Warden, FCI Miami Low*, 740 F.App'x 178, 180

(11th Cir. 2018) (holding petitioner's argument "that he is 'actually innocent' of his § 924 convictions … attacks the substance of his convictions and accompanying sentences, and thus falls outside the scope of § 2255(e)'s saving clause as interpreted in *McCarthan*."). This objection is overruled.

3. <u>Death of sentencing judge</u>: Lee argues that the sentencing court is "unavailable" under §2255(e) because her sentencing judge has passed away (doc. 29 at 4). But the term "unavailable" refers to instances "such as when the sentencing court itself has been dissolved," not instances where one judge on the court has died. *See e.g., McCarthan,* 851 F.3d at 1093 (noting for military prisoners, "the resort to § 2241 is the norm rather than the exception ... due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack") (citation omitted); *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (where petitioner sentenced by territorial court prior to Alaska becoming a state, and challenge was brought after statehood, sentencing court no longer existed). Here, the Northern District of Georgia remains available to Lee.[1] Accordingly, the court overrules this objection.

---

[1] Lee also claims that the subsequent district judges who presided over her post-conviction motions failed to "certify familiarity" with her case prior to ruling on her claims. She asserts, without citation to any authority, that this failure rendered the sentencing court "unavailable." This claim lacks merit. Moreover, the extensive order entered by the Hon. William C. O'Kelley, Senior United States District Judge for the Northern District of Georgia, on October 23, 2014, on Lee's then pending 22 motions in her 28 U.S.C. § 2255 action demonstrated great familiarity with her case. See *Lee v. United States of America*, Case Nos.: 1:10-cr-345-WCO, 1:14-cv-1453-WCO (N.D.Ga. Oct. 23, 2014) (doc. 112 in the criminal action).

5

4. <u>Proper custody</u>: Lee argues that the Bureau of Prisons does not properly have custody of her, as the U.S. Marshals "failed to execute the RETURN and file it with the district court …. Ms. Lee avers that she remains technically in U.S. Marshal custody and as such this court and even the original district court of sentencing have authority to correct the gross errors in this case and to hold a hearing and/or restore Ms. Lee to her bond which should have remained in effect all these (7+) seven plus years ….").[2] (Doc. 29 at 3). Lee provides no authority for her assertion that the judgment committing her to the custody of the Bureau of Prisons never took effect because the United States Marshals failed to file an executed "Return."[3] The few courts to address this argument have all found it lacks merit. *See e.g., Queen v. Martinez,* 273 F.App'x 180, 181 (3rd Cir. 2008) ("Queen cites to no precedent and provides no explanation as to how the allegedly absent statement of his delivery to the BOP has affected his rights. He does not dispute that he arrived into BOP custody on February 27, 1995, or that he has been sentenced to 360 months in prison"); *Hall v. Warden Loretto FCI*, 609 F.App'x 51, 52-55 (3rd Cir. 2015) (affirming dismissal of civil claims premised on alleged failure by the United States Marshal to complete the 'return' section of the defendant's judgment and

---

[2] Lee is referring to the Judgment entered in her criminal case on February 29, 2012. *See United States v. Lee*, 2:10-cr-00345-RWS-LTW (N.D.Ga. Mar. 2, 2012) (doc. 70). Lee filed the Judgment here as an exhibit to her "Amended/Supplemented Complaint to Enforce Foreign Judgment" (doc. 7).

[3] On this basis, Lee claims she "remains in the custody of the U.S. Marshals which is the same as being in the custody of the court…." (*Id.*, at 6).

commitment order); *Hall v. Loretto*, 556 F.App'x 72, 73 (3rd Cir. 2014) (while finding claim properly brought under § 2241, further holding "no relief …. is warranted in this case. Hall has not cited, nor have we located, any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released."); *Satcher v. Hogsten*, 2013 WL 5674856, *2 (Oct. 17, 2013), aff'd, 576 F. App'x 221, 221 (4th Cir. 2014) (same). This objection lacks merit and is therefore overruled.

    5. <u>Administrative remedies</u>: Lee objects to the finding that she failed to exhaust her administrative remedies by claiming that her failure was due to threats from the Bureau of Prisons (doc. 29 at 5). But the magistrate judge considered all of Lee's claims on their merits, regardless of whether she had properly exhausted her administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny … the petition on the merits without reaching the exhaustion question"). Therefore, the court overrules this objection.

    5. <u>Withholding funds</u>: Lee claims that the Bureau of Prisons has been "withholding funds from her for 7+ years and has NOT applied ANY of it to the

7

restitution in this case (they threatened Ms. Lee when she wanted to file administrative remedies on that matter)…." (doc. 29 at 6). The Eleventh Circuit has ruled that exceptions to exhaustion only apply in extraordinary circumstances, and the petitioner bears the burden of demonstrating the futility of administrative review. *James v. United States*, 168 F.App'x 356, 359 (11th Cir. 2006). As with Lee's other claims, she offers no evidence to support a finding that the Bureau of Prisons has withheld funds from her, has failed to apply funds to her restitution, or has threatened her when she attempted to file administrative remedies.[4] She fails to identify any individual who made such threats, provide any documentary evidence to demonstrate restitution payments made or missing, or in any other way support this claim. Lee's assertion that she "vigorously raised the restitution issue ONLY because it is a clear unadulterated example of the ND of GA's failure to follow eleventh circuit precedent and even Supreme Court precedent" (doc. 29 at 6) does not change this outcome. This, to the extent this complaint amounts to an objection, it is overruled.

---

[4] Lee does not state whether her restitution payments, allegedly withheld by the Bureau of Prisons, are pursuant to the Inmate Financial Responsibility Program, or otherwise. *See* 28 C.F.R. § 545.10 ("As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility. The provisions of this rule apply to all inmates in federal facilities…."); § 545.11 ("The financial plan developed shall be documented and will include the following obligations, ordinarily to be paid in the priority order as listed: (1) Special Assessments imposed under 18 U.S.C. 3013; (2) Court-ordered restitution; (3) Fines and court costs….").

* * *

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and Lee's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Lee's objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a*), Rules Governing § 2254 Proceedings*. A separate Final Order will be entered.

**DONE** and **ORDERED** this 7th day of February, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE